## Costello v. Bethlehem Steel Co.

*David Getz*, for petitioner.
*Carleton T. Woodring*, for defendant.

LAUB, J., July 12, 1943.—This is a petition of Albert G. Costello setting forth that on February 9, 1923, he became the owner of 10 shares of the capital stock of the Cambria Iron Company, a Pennsylvania corporation, and that he is still the owner of same; on September 15, 1942, the shareholders of said iron company and the Bethlehem Steel Company, at separate meetings duly held, approved a joint plan and agreement of merger; on September 22, 1942, articles of merger were filed with the Department of State of the Commonwealth of Pennsylvania and a certificate of merger issued to the Bethlehem Steel Company; petitioner filed with the Cambria Iron Company a written objection to the joint plan and agreement of merger by sending such written objection on September 11, 1942, by registered mail to the registered office of the said iron company, a copy of the objection being attached to the petition and marked exhibit A; petitioner did not vote in favor of said joint plan and agreement of merger at the meeting of the shareholders of said iron company on September 15, 1942; petitioner has made a written demand on the Bethlehem Steel Company for the payment of the fair value of the petitioner's

shares in said iron company as of the day prior to the date on which the vote was taken approving the merger, and said written demand was made on September 30, 1942, by registered mail, to the offices of the Bethlehem Steel Company at Bethlehem, Pa., a copy of said written demand being attached to the petition and marked exhibit B; more than 30 days have elapsed since the aforesaid demand was made by petitioner and said steel company has been unable to agree with petitioner on the fair value of the petitioner's shares.

The prayer of the petition is that the court appoint three disinterested persons to appraise the fair value of the petitioner's shares in the Cambria Iron Company as of the day prior to the date on which the vote was taken approving the merger, without regard to any depreciation or appreciation thereof in consequence of said merger.

The brief of counsel for the Bethlehem Steel Company refers to the discrepancy in the various dates shown on and in the petition. When the petition was first presented to the writer of this opinion it was marked filed as of the date of its presentation, to wit, December 10, 1942, and we told the attorney for petitioner that we would not sign the petition instantly but take it to our office so that we could examine the law and consider who should be appointed appraisers, if we were satisfied that the law permitted the appointment of appraisers as prayed for.

The appointment of appraisers was made by the writer of this opinion on December 21, 1942, and the petition with the order thereto attached mailed to petitioner's counsel at Allentown, Pa., for filing in the prothonotary's office of said court. The prothonotary's office, being a county fee office, is entitled to be paid a fee for the filing of petitions such as the instant one. According to the filing stamp of the prothonotary, petitioner's counsel did not file the instant petition in the prothonotary's office until December 28, 1942.

The record further shows that a copy of the petition with a copy of the amended decree attached was served on the Bethlehem Steel Company on January 6, 1943, by the sheriff's office of the county. Defendant thereupon entered its appearance by counsel as of January 21, 1943, and then did nothing more in the matter until March 1, 1943, when its answer raising preliminary questions of law was filed in the office of the prothonotary of said court.

The instant petition was presented under the provisions of section 908 of the Act of March 31, 1941, P. L. 13, 15 PS §2852-908.

The Act of 1941, supra, is an amendment to section 908 of the Business Corporation Law of May 5, 1933, P. L. 364. Section 908 of said amending act reads as follows:

"Section 908. Rights of Dissenting Shareholders.— A. If any shareholder of a corporation which becomes a party to a plan of merger or consolidation shall file with such corporation, prior to or at the meeting of shareholders at which the plan of merger or consolidation is submitted to a vote, a written objection to such plan of merger or consolidation, and shall not vote in favor thereof, and such shareholder, within twenty days after the merger or consolidation was effected, shall *also* make written demand on the surviving or new corporation for the payment of the fair value of his shares as of the day prior to the date on which the vote was taken approving the merger or consolidation, without regard to any depreciation or appreciation thereof in consequence of the merger or consolidation, the surviving or new corporation shall pay to such shareholder the fair value of his shares upon surrender of the share certificate or certificates representing his shares. The demand of the shareholder shall state the number and class of the shares owned by him. [Any] *Unless a* shareholder [failing to file] *files* such

written objection [or make] *and also makes such* demand within the twenty-day period *he* shall be conclusively presumed to have consented to the merger or consolidation, and shall be bound by the terms thereof. If within thirty days after the date on which such merger or consolidation was effected the value of such shares shall be agreed upon between the dissenting shareholder and the surviving or new corporation, payment thereof shall be made in cash within ninety days after the date on which such merger or consolidation was effected, upon the surrender of the share certificate or certificates representing his shares. Upon payment of the agreed value, the dissenting shareholder shall cease to have any interest in such shares or in the corporation."

The words in italics are the amending words and show the distinctions between the Acts of 1933 and 1941, supra.

Section 908(*c*) of said Act of 1941, supra, provides as follows:

"The rights and remedies at law or in equity of any shareholder who desires to object to, or to dissent from, any merger or consolidation shall be limited to those prescribed under this section, and such rights and remedies under this section shall be exclusive."

Section 908(*d*) of said Act of 1941, supra, provides as follows:

"A copy of this section 908 shall be enclosed with the written notice mentioned in clause B of section 902 of this act, and said written notice shall state that said section 908 sets forth the exclusive rights and remedies of shareholders who object to the plan of merger or plan of consolidation."

Section 908(*b*) of said Act of 1941, supra, provides that if within the period of 30 days the shareholder and the surviving or new corporation do not agree as to the fair value of the shares then the dissenting share-

holder may, within 60 days after the expiration of the 30-day period, apply, by petition to the court of common pleas, in equity, within the county in which the registered office of the surviving or new corporation is situated, for the appointment by the court of three disinterested persons to appraise the fair value of his shares without regard to any depreciation or appreciation thereof in consequence of the merger or consolidation.

Clause (b) of section 908 further discusses the effect of the award of the appraisers and how it can be collected and its legal effect. Said section provides as follows as to costs:

"The costs of such appraisal, including a reasonable fee to the appraisers, shall be fixed by the court, and shall be borne by the surviving or new corporation unless, in the opinion of the court, the action of any shareholder in refusing the offer of the corporation has been arbitrary, vexatious, or in bad faith, in which case the costs shall be assessed in the discretion of the court."

Therefore, if the court found that petitioner was not acting in good faith or was arbitrary or vexatious, he might become liable for the costs of the proceedings.

From an examination of the Act of May 31, 1941, supra, it will be observed that the jurisdiction for the presentation of a petition by a dissenting shareholder for appraisal of his shares in the event of a merger of a corporation in which he has his shares with another corporation is in the court of common pleas, in equity, and that the petition for appraisers is the exclusive right and remedy given such dissenting shareholder.

The briefs of counsel do not refer us to any case decided by the Supreme or Superior Court of Pennsylvania relative to said Act of 1941. Neither have we, by an independent search, been able to find any. The only case we have found referring to said Act of 1941

is that of Hubbard et al. v. Jones & Laughlin Steel Corp., 42 Fed. Supp. 432. Pertinent portions of the syllabus of said case are as follows:

"The statutory provisions as to merger of corporations are written into every corporate charter, and every one who buys shares in a corporation is charged with notice of statutory provisions as to merger with another corporation.

"A contract of merger, which provides for conversion of shares of stock of merging corporations and all rights appertaining thereto, is authorized by Pennsylvania statute and does not constitute the 'taking of property without due process'; a dissatisfied shareholder being entitled to secure fair value of his shares by statutory appraisal proceedings."

At page 436 of the last-mentioned citation, District Judge Schoonmaker says as follows:

"The plaintiffs contend the plan confiscates their vested rights to have the preferred dividends paid in cash. With this contention we cannot agree, because the plaintiffs have adequate protection in the Pennsylvania appraisal statute. The remedy afforded by that statute is exclusive."

The fact that the Act of 1941, supra, places jurisdiction of the petition of the dissenting shareholder in the court of common pleas, in equity, is not unusual because for over a century the supervision and control of corporations has been a matter of equity jurisdiction. An illustration of the vast power of said court over the supervision and control of corporations is shown by the Act of June 6, 1836, P. L. 784, sec. 13, which is still in effect.

The first preliminary objection is that the petition of the dissenting stockholder did not have endorsed thereon the notice required to be placed upon a bill in equity by Rule 33 of the Supreme Court Equity Rules. With this contention we cannot agree. The instant

pleading is merely a petition to said court for the appointment of appraisers in accordance with the provisions of the Act of 1941, supra. It is not a bill in equity. Rule 33, which respondent contends is violated, is as follows: "Every bill in equity shall have endorsed on it a notice in substantially the following form . . ."

We do not interpret Rule 33 to apply to any other pleadings than those of bills in equity and do not apply it to a petition such as is now before us.

In counsel's brief for the Bethlehem Steel Company it is stated that petitioner, being the owner of only 10 shares of stock of the Cambria Iron Company, should not be placed in a position where out of 169,356 outstanding shares his 10 shares are the only ones for which a petition for appraisers has been presented. In other words, as we understand respondent's counsel's argument in this part of the brief, a dissenting shareholder owning only a small amount of shares in a merged corporation would not be entitled to avail himself of the provisions of the Act of 1941, supra, and should not be put in a position where he can make trouble and expense for the surviving corporation because he has only a small number of shares.

With this contention and argument we cannot agree. The Act of 1941, supra, does not state the maximum or minimum number of shares which entitle a dissenting shareholder to the rights set forth in said act. To do so would manifestly make the act unconstitutional' as it would be class legislation and offend against class privilege in the worst manner.

We are of the impression that respondent has mistaken its remedy in filing preliminary objections. This is not a bill in equity, only a petition in equity. We have been unable to find any Supreme Court Equity Rule which permits preliminary objections to be filed to petitions such as the instant one.

Rule 48 of said Supreme Court Equity Rules refers only to filing preliminary objections to a bill in equity

and not to anything else presented to the equity side of the court.

Our conclusion is that the petition is in proper form and avers compliance with the requirements of the Act of 1941, supra.

We conclude that the only remedy the instant petitioner has is the one he is now pursuing under the Act of 1941, supra. The fact that the instant petitioner owns only 10 shares in the Cambria Iron Company, now merged with the Bethlehem Steel Company, does not prevent him from invoking the remedy provided by the Act of 1941, supra.

And now, July 12, 1943, the preliminary objections to the petition for appraisers are overruled at the cost of the Bethlehem Steel Company.